Fourth case of the day, Bell v. City of Chicago Mr. Redmond, you may proceed May it please the court, I am Larry Redmond and I represent the plaintiff, Armani Bell, in this action And there's only a couple of points that I'd like to address out of my brief The rest of them I'll leave to, I'll rest on my brief The first is my contention about the protections under the Equal Protection Clause of the 14th Amendment The Equal Protection Clause grants, comes into play when there's a deprivation of rights or when there's an augmentation of rights And the literature, the cases so far, have centered primarily on the deprivation of rights That's where select groups come into play, like race, gender, alienage, that kind of thing There's only a few cases that deal with the augmentation of rights And these cases are primarily financial in nature, dealing with taxes and money being transferred And those cases is primarily the individuals who have not received certain, the benefit of certain monies that are bringing the actions And so these cases really reduce to a deprivation of rights case So before you go further, I really didn't see any real argument that the district court I mean in your brief that the district court erred in finding that the Fourth Amendment claims were time barred Do you have any response to that? Because you have to get, that's the first base you have to cross before you get to the Fourth Amendment claims that you're arguing about now I'm not sure, you're saying that I did not make arguments in my brief to this court Yeah, about the time, about the claims being time barred What I argued was that she did not understand the essence of what I was arguing initially And I still make that argument, that the argument was laid out in such a way that I thought that she should have understood it But did not, and that's what I'm trying to bring to light at this point But even if you made viable equal protection claims under either the Fourth or the Fourteenth with your proposed Third Amendment complaint Wouldn't, didn't the district court judge rule that they were untimely? And wouldn't that be true as to either? So whether or not they're viable, they were untimely under the statute of limitations She did, but she made that based on, I guess that brings me to the second point I raised the issue of a malicious prosecution Malicious prosecution does not accrue until the individual is acquitted And she, the district court talked about that briefly in her order But relied on a case that in fact was not a malicious prosecution case That was the case of Gonzales v. Quezada And in that case, it was not a malicious prosecution case at all But even if her ruling in that aspect was in error Isn't it accurate to say that because Illinois provides a state claim for malicious prosecution That you don't have a right to raise it federally under 1983 So it could have been dismissed for that basis as well My understanding is that there's conflicting rulings in this circuit on that issue And that the most recent rulings indicate that there is a right To pursue a malicious prosecution claim under 1983 Even though Illinois provides such a claim Even though Illinois provides such a claim, yes That is my understanding And I don't know all of the cases that are involved But I did look at them and the latest ones indicate that there is such a right in federal court That being the case, I guess that brings me to a portion of my second point In that we should have been allowed to proceed with the third amendment complaint Because not only did we raise the malicious prosecution claim But we also raised a claim of failure to intervene Which in the Seventh Circuit is a federally guaranteed right A malicious prosecution claim I'm sorry, a failure to intervene claim with regard to malicious prosecution Which cannot come into play until the person has been acquitted And we presented the alternative complaint to the district court And the district court apparently did not take it into account Or discounted the arguments that we made Do you want to save time for rebuttal? I'd like to get back to the, if I may The initial Fourteenth Amendment claim against equal protection If the court would be prepared to hear that Well, you can use your time however you choose I just wanted to let you know you're in the rebuttal So if you use up all your time in this argument, there will be no rebuttal time Okay, I understand. I appreciate that. Thank you The point with regard to the equal protection case that I'd like to make is that This case is a unique case in that It concerns an augmentation of rights That are not financial in nature And in that sense There are no cases that I could find And I looked in all 50 states and all of the circuits That deal with a small group of individuals being given rights That are over and above those that the rest of the population has And the result is that The cases that deal with Equal protection Do not apply to this particular case Because they all concern a deprivation of rights And this deals exclusively with the augmentation of rights Which means that in deprivation cases It is the plaintiff that has to show that he is part of a A group that is vulnerable or has been deprived of a right In an augmentation of rights case It is the defendant that should have to show That he has used his augmented rights Within the bounds of the law And there are no cases that address that that I could find If there are no questions I'll be quick No, there are no questions, thank you Mr. Roseman Who's going first, Ms. Luce? Good morning, may it please the court This morning I will explain that the district court properly dismissed Bell's federal claims with prejudice and denied leave to file the third Amended complaint because his claims are time barred And his new allegations would not Cure the statute of limitations problems And also fail to see a federal claim With respect to the statute of limitations argument All of Bell's federal claims in both the second amended and third amended Complaint are based on events occurring more than two years Prior to the filing of this lawsuit Even including the malicious prosecution claim? Yes, well first with respect to the malicious prosecution claim I would point out that the district court treated the malicious prosecution Claim as a state malicious Prosecution claim and declined to exercise supplemental Jurisdiction over that claim All of Bell's other federal claims Were clearly identified as brought under section 193 This one was not, it was treated as a state claim The court declined to exercise supplemental jurisdiction And Bell has not challenged that District court ruling on appeal Nor does he challenge the district court's Alternative rulings which are on footnotes 6 and 7 Of the court's opinions that such a federal claim would be time barred Or in footnote 7 that he has No federal cause of action for malicious prosecution Where state law provides an adequate Remedy in the tort of malicious prosecution And second I would submit with respect To the court's more recent cases which Bell does not actually Cite in his opening brief or address Regarding federal malicious prosecution The Supreme Court in Albright rejected the notion of Continuing the seizure under the fourth amendment for A malicious prosecution claim and A due process right that sets a standard for In Illinois there's a state remedy for malicious prosecution The later cases don't have anything to do with this particular Fact pattern which the most he alleges is a malicious motive For commencing prosecution. There are other cases that discuss The right to a fair trial such as when Fabricated evidence is introduced at trial or Evidence is, exonerating evidence Is excluded from trial or perhaps a coerced statement Is introduced at trial. None of that is present here There's no allegation that these officers did anything That interfered with a fair trial right of Mr. Bell The only allegation Sounding a malicious prosecution is this idea of a malicious motive In fact the malicious prosecution claim Would not even fit, that shoe would not even fit If there were a recognizable Due process claim because he does not even allege that he was Prosecuted without probable cause He alleges a malicious motive for the right for filing Charges and the allegations in his Complaint seem to suggest there was probable cause At that. He admits there was an eyewitness who told the police He had fired the same weapon A few weeks before the murder and he admits he was at the murder scene To assist a drug dealer who he says was the shooter The one who shot and killed Lemon And also his complaint identifies That there was an eyewitness who described the shooter as Heavyset with dreadlocks which Bell admits he fits that description So for all these reasons the claim of malicious prosecution Just does not fit here in addition to the statute of limitations Problem So in any event all of his claims Center on that interrogation the ones in the second amendment He appears to have abandoned the excessive force claims that were in the Second amendment, second amended complaint But all the allegations really concern Conduct that occurred during that interrogation in January Of 2011 and he did not file his Complaint until August of 2014 Any questions There are no questions. Okay. Can I comment briefly on the Equal protection. I just only wanted to note that this augmentation Of rights this is new and I feel it is waived There was nothing about some line of cases dealing with This Highlight that his complaint was about differential treatment in the Collective bargaining agreement He focused on provisions that apply to police officers under Disciplinary investigation only and that Of course other citizens aren't subject to that Right because they're not subject to I don't know whether you're hard of hearing or not But you can talk yourself into something if you keep doing Well that's the only thing I really wanted to point out that That is not the nature of his claim and I will Yield the rest of my time to my co-appellee at this time. Thank you Mr. Ryan May it please the court. My name is Patrick Ryan appearing on behalf Of the other appellee here the Fraternal Order of Police Chicago Lodge Number 7. We're only in this case on one of the As I understand it effectively claiming that somehow by entering Into a collective bargaining agreement the city and the lodge Conspired to violate the 14th amendment I have a hard time really wrapping my mind around Don't try If there are any questions that I can address I'm happy to do so All right. Any questions. All right. Thank you. Thank you very much Rebuttal. How much time I think The only thing I think the only thing that I would add at this point is that The failure to intervene On the malicious prosecution Count has not been addressed by the defendants It is a viable federal Right to be protected In federal court and the Collective bargaining agreement that The second defendant referred to is a Vehicle by which this select group of individuals Who grant these additional augmented rights And I think it is that collective bargaining agreement That violates the 14th amendment of the U.S. Constitution In that it confers upon these individuals Rights that the rest of us do not have and that the Case law with regard to Equal protection do not apply because All those cases deal with the deprivation of rights And hence cannot apply to this case All right. Thank you. Thank you, Mr. Redmond The case will be taken under advisement